# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**
      **Plaintiff,**

  v.                          **Case No. 06-CR-33**

**CLARENCE A. ELLIS III**
      **Defendant.**

## ORDER

Defendant Clarence Ellis pleaded guilty to possessing a firearm as a felon, 18 U.S.C. § 922(g)(1), and I sentenced him to 180 months in prison under the Armed Career Criminal Act, 18 U.S.C. § 924(e). Defendant appealed his sentence, but the Seventh Circuit affirmed. United States v. Ellis, 230 Fed. Appx. 580 (7th Cir.), cert. denied, 128 S. Ct. 237 (2007). Defendant has now filed a motion to obtain transcripts and other documents for purposes of drafting a motion under 28 U.S.C. § 2255.

In support of his request, defendant cites Supreme Court cases holding that indigent prisoners must be provided free transcripts (or their equivalent) to prosecute an appeal, Draper v. Washington, 372 U.S. 487 (1963); Griffin v. Illinois, 351 U.S. 12 (1953), but defendant was provided the sentencing transcript he requested for purposes of prosecuting his direct appeal, and he cites no case holding that free transcripts must be provided for purposes of preparing a collateral attack. To the contrary, courts have held that the prisoner must first file the § 2255 action before the court will consider whether preparation of transcripts is necessary under 28 U.S.C. § 753(f). See, e.g., United States v. Horvath, 157 F.3d 131, 132-33 (2d Cir. 1998) (collecting cases); United States v. Bumpus, 125 F. Supp. 2d 190, 191-92 (S.D. W. Va. 2001);

see also United States v. McCollum, 426 U.S. 317, 323-24 (1976) (upholding the limitations in § 753(f)) (plurality opinion). Because defendant has not yet filed a § 2255 motion, he is not eligible for preparation of the additional transcripts he requests.[1]

Defendant also requests other documents: Brady and Jencks material, discovery, defense investigative reports, grand jury transcripts and the indictment. Of these documents, only the indictment is found in the court's file. I will direct the clerk to send defendant a copy of the indictment, the sentencing transcript previously prepared and the docket sheet. See United States v. Tolliver, No. 04-CR-40014, 2007 WL 611236, at *2 (S.D. Ill. Feb. 26, 2007) (citing Rush v. United States, 559 F.2d 455 (7th Cir. 1977) (discussing an indigent, pro se defendant's opportunity to obtain copies of documents in the court's file). Defendant may contact his trial counsel to attempt to obtain the other documents he seeks, if they exist.

**THEREFORE, IT IS ORDERED** that defendant's motion (R. 41) is **GRANTED** in part and **DENIED** in part, as stated herein.

Dated at Milwaukee, Wisconsin, this 8th day of July, 2008.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge

---

[1] Defendant requests the transcripts of his trial, motion hearing, plea hearing and sentencing. As indicated above, the sentencing transcript was completed for defendant's direct appeal. According to the docket, the other transcripts have not been prepared. I note that because this case was resolved by way of guilty plea, there are no trial transcripts to be prepared.